SOUTH CENTRAL BELL TELEPHONE COMPANY, Plaintiff,

v.

CANAL PLACE LIMITED PARTNER-SHIP, a Louisiana partnership in commendam, d/b/a Canal Place 2000, f/k/a Canal Place Joint Venture, Defendant–Appellant,

v.

AETNA LIFE INSURANCE COMPANY, Defendant–Appellee.

No. 90–3613.

United States Court of Appeals, Fifth Circuit.

April 3, 1991.

Richard W. Ward, Dallas, Tex., for Canal Place.

Alan H. Goodman, Lemle & Kelleher, Andrews & Kurth, New Orleans, La., and Hugh Ray, Houston, Tex., for defendant-appellee.

Before JOHNSON, WIENER, and BARKSDALE, Circuit Judges.

JOHNSON, Circuit Judge:

This interpleader action requires the Court to interpret the language contained in certain security agreements to decide which defendant is entitled to rents. The district court granted summary judgment in favor of Appellee Aetna Life Insurance Company ("Aetna"). Appellant Canal Place 2000 ("Canal Place") argues, *inter*

*alia,* that the district court erred since Aetna failed to comply with the requisite notice requirements. Finding no breach of the contractual notice provision, and that Appellee was entitled to the full amount of the rents in issue, this Court affirms.

## I. FACTS AND PROCEDURAL HISTORY

Canal Place,[1] a Louisiana partnership, owns a thirty-two story office building (the "building") located in New Orleans, Louisiana. In March 1980, Aetna acquired an existing note ("Note") and mortgage ("Mortgage") on the building. The Mortgage granted a security interest in the building's leases and rents, although there were no tenants at the time the Mortgage was executed. Canal Place and Aetna agree that the Mortgage was never recorded.

Contemporaneously with the conveyance of the Note and the Mortgage, Canal Place executed an Act of Pledge of Lessor's Rights in Lease and Rents Payable Under the Lease ("First Pledge") in favor of Aetna. The First Pledge granted Aetna a security interest in sixteen leases specifically listed. A short time later, Canal Place executed a second Act of Pledge of Lessor's Rights in Lease and Rents Payable Under the Lease ("Second Pledge") in favor of Aetna. The Second Pledge incorporated the terms of the First Pledge and added the South Central Bell Telephone Company ("SCBT") lease to the First Pledge's list.

After Canal Place defaulted in October 1989, Aetna accelerated the indebtedness evidenced by the Note. Although there were six leases remaining from the leases specified in the First and Second Pledges, Aetna gave notice of Canal Place's default only to SCBT and one other lessee.

SCBT filed this interpleader action in the district court against Aetna and Canal Place. The interpleader sought a determination whether SCBT should pay its rent to Aetna or Canal Place. Both Aetna and

1. Canal Place filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on

Canal Place moved for summary judgment. The parties agreed that there were no disputed facts. After conducting a hearing on the motions, the district court granted summary judgment in favor of Aetna. Canal Place filed a timely notice of appeal.

## II. DISCUSSION

 In reviewing a grant of summary judgment, this Court uses the same standard of review used by the district court. *Netto v. Amtrak,* 863 F.2d 1210, 1212 (5th Cir.1989). To support summary judgment, the evidence, including affidavits, depositions, answers to interrogatories, and admissions on file, must demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lowery v. Illinois Cent. Gulf R.R. Co.,* 891 F.2d 1187, 1190 (5th Cir.1990).

### A

 Canal Place argues that Aetna is not entitled to receive SCBT's rents since Aetna failed to comply with the notice requirements contained in the First and Second Pledge documents. The provision in issue is contained in paragraph 4 of the First Pledge, which states that:

> Pledgor is hereby authorized to collect the Rents upon accrual, and use, commingle or dispose of the Rents, for so long as there shall exist no default by Pledgor in the payment of any indebtedness secured hereby or in the performance of any obligation, covenant or agreement herein or in the Mortgage, provided that upon any such default Pledgee shall give notice thereof to Pledgor and the lessees under the Leases, whereupon Pledgor's authority under this paragraph 4 shall terminate and all Rents shall thereupon be paid directly to Pledgee....

By incorporating the terms of the First Pledge, paragraph 4 also applied to the Second Pledge.

February 21, 1990.

Canal Place contends that paragraph 4 required Aetna to give notice to *all* lessees. This contention derives from the language which states that Aetna shall give notice to "the lessees." Canal Place asserts that, by giving notice only to two lessees, Aetna failed to comply with the contractual terms, and therefore, the right to rents did not pass to Aetna.

Contrary to Canal Place's contention, paragraph 4 simply means that, to be entitled to rent from a particular lessee, Aetna must give notice of Canal Place's default to that lessee. Canal Place's interpretation of the First Pledge leads to an unreasonable result. There is no apparent benefit in requiring Aetna to give notice of Canal Place's default to lessees from whom it does not seek rent. *See Publicker Chemical Corp. v. Belcher Oil Co.*, 792 F.2d 482, 487 (5th Cir.1986) (applying Louisiana law and refusing to interpret words of a contract literally when the effect would be absurd, unreasonable, or inequitable); *Cashio v. Shoriak*, 481 So.2d 1013, 1015 (La. 1986) (same). There is no dispute that Aetna gave adequate notice to SCBT. Therefore, Aetna was entitled to the rents from SCBT.[2]

### B

 Canal Place next argues that even if Aetna is entitled to any part of the rents, the district court should have required Aetna to pay Canal Place a portion of the rents to cover operating expenses. Canal Place relies solely upon a provision of the Mortgage, which provides in part that Aetna may receive rents on default "less costs and expenses of operation and collection."

This Court finds that the Mortgage is inapplicable to the instant case. Aetna has never sought and does not now seek to enforce the assignment of leases in the Mortgage; rather, Aetna seeks to enforce only the First and Second Pledges. Since neither the First or Second Pledge requires

Aetna to refund operating expenses, Aetna is entitled to all the rents from SCBT.

### III. CONCLUSION

This Court concludes that Aetna was entitled to the rents from SCBT since Aetna gave sufficient notice of Canal Place's default. At the same time, Aetna had no obligation to pay to Canal Place any part of SCBT's rents as operating expenses. The district court did not err in granting summary judgment in favor of Aetna.

AFFIRMED.

---

**2.** In their briefs, Canal Place and Aetna address the applicability of La.Rev.Stat. 9:4401 to the instant case. The parties imply that the district court relied on the statute as an alternative basis for granting summary judgment in favor of Aetna. Having determined that summary judgment was proper, this Court does not reach this issue.